# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ANDREA ROSE, | ) |
| Plaintiff, | ) |
| v. | ) C. A. NO. _____ |
| RTN FEDERAL CREDIT UNION, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant RTN Federal Credit Union ("RTN") hereby removes this action from the Cambridge District Court, where it is currently pending, to the United States District Court for the District of Massachusetts. As grounds for this removal, RTN states as follows:

1. On or about July 22, 2019, Plaintiff Andrea Rose ("Plaintiff") filed an amended complaint (the "Amended Complaint") against RTN Federal Credit Union in Cambridge District Court, C. A. No. 1952CV0246 (the "Civil Action").[1]

2. On August 5, 2019, Attorney John J. Todisco, Jr. accepted service of the Amended Complaint on behalf of RTN. Accordingly, this Notice of Removal is timely filed within thirty (30) days of formal service of the summons and complaint pursuant to 28 U.S.C. § 1446(b). A

---

[1] Upon information and belief, Plaintiff commenced this action by filing a complaint against RTN Insurance Agency, LLC and certain other individual defendants. Thereafter, the originally-named defendants filed a motion to dismiss. According to the affidavit filed in support of the defendants' motion to dismiss, Plaintiff is not and has never been an employee of RTN Insurance Agency, LLC, and thus, RTN assumes that Plaintiff named the original defendants in this action in error and amended her complaint accordingly.

copy of the summons and Amended Complaint that were served upon RTN in this action are attached to this Notice collectively as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the action is pending.

4. The Civil Action is based on Plaintiff's allegations that RTN owes her "a significant amount of earned wages, including travel time, unreimbursed travel expenses, and related overtime wages." *See* Amended Complaint, ¶ 23. Specifically, Plaintiff alleges that RTN sometimes requires her to report to its Dedham, Massachusetts branch instead of its Hudson, Massachusetts branch (where Plaintiff "regularly" works), and that it takes her one hour longer to drive to the Dedham branch. *See id*. at ¶ 12-15. Plaintiff contends that RTN has failed to compensate her for the travel time in excess of her ordinary travel time, and to reimburse her for related transportation expenses. *Id*. at ¶ 16. Plaintiff also alleges that the uncompensated travel time represents work exceeding 40 hours per week, and thus, is subject to an overtime premium. *Id*. at ¶ 19-21. Lastly, Plaintiff alleges that RTN has failed to issue her paystubs listing all hours worked. *Id*. at ¶ 22.

5. Based on these factual allegations, Plaintiff has set forth the following claims: Count I, "Non-Payment of Earned Wages in Violation of M.G.L. c. 149, § 148"; Count II, "Non-Payment of Minimum Fair Wage in Violation of M.G.L. c. 151, § 1"; Count III, "Non-Payment of Overtime in Violation of M.G.L. c. 151, §§ 1A, 1B"; and Count IV, "Failure to Maintain Proper Payroll Records and Issue Lawful Paystubs in Violation of M.G.L. c. 149, § 148, M.G.L. c. 151, §15, and CMR 27.07(2)." *See generally*, Amended Complaint.

6. The doctrine of complete preemption "applies where a purported state claim…is re-characterized as a federal claim such that it is said to arise under federal law and permit

removal to federal court." *Rueli v. Baystate Health, Inc.*, 835 F.3d 53, 57 (1st Cir. 2016). Section 301 of the Labor Management Relations Act (LMRA) authorizes federal subject matter jurisdiction over suits alleging violation of a collective bargaining agreement. *See id*. at 57-58. As the Supreme Court has made clear, § 301 is "more than jurisdictional," as it "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Id*. at 58 (quoting *Textile Workers Union of Am. V. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51, 77 S.Ct. 912 (1957)). Indeed, "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law." *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841 (1983)).

7. Accordingly, "complete preemption" encompasses all state law claims that are either "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a collective-bargaining agreement." *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 5 (1st Cir. 2012).[2] The latter turns on whether resolution of the claim "arguably hinges on interpretation of the collective bargaining agreement." *Rueli*, 835 F.3d at 58 (quoting *Flibotte v. Penn. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir. 1997)).

8. Plaintiff's claims are completely preempted and therefore, subject to removal, because they require interpretation of an applicable collective bargaining agreement. The terms and conditions of Plaintiff's employment are governed by an agreement in effect from February 28, 2016, to April 5, 2020 (the "CBA") between RTN Federal Credit Union and Office and

---

[2] Because all of Plaintiff's claims arise from the same set of facts, this action is removable in its entirety. *See Rueli*, 835 F.3d at 57 ("Where plaintiffs bring multiple state-law claims based on the same 'nucleus of operative facts,' the court need only determine whether one of them is completely preempted and, therefore, removable. If so, the others may also be removed—even if they are not completely preempted, they will be subject to supplemental jurisdiction in federal court.") (internal citations omitted).

3

Professional Employees International Union, Local 6, AFL-CIO (the "Union"), a copy of which is attached hereto as Exhibit B.  As explicitly noted in the CBA, "[T]he parties hereto are desirous of entering into an agreement governing the conditions of employment, hours of employment and wages," (Ex. B, Preamble) and RTN recognizes the Union as the "sole and exclusive collective bargaining agent for all its regular full-time and part-time employees." Ex. B, Article I.

9. The CBA contains a detailed grievance provision, outlining the procedures for resolving "any differences as to the interpretation of the Agreement between Employee and Employer." Ex. B, Article XXIX.  Any unresolved grievance is subject to arbitration. Ex. B, Article XXIX(4).

10. The CBA also contains detailed provisions governing hours of work, work schedules, compensation, overtime, and other premium pay.  Many of the requirements imposed by the CBA differ from those set forth under applicable Massachusetts wage and hour laws.  For instance, Massachusetts state law does not require employers to pay employees overtime for working more than a certain number of hours in a day, whereas the CBA does provide for such pay. Ex. B, Article XV(a)(1).  The CBA also allows paid time off and sick time to be counted towards the 40-hour work week for overtime calculation purposes, a calculation not required under state law. Ex. B, Article XV(a)(2).  The CBA provides for other premium pay beyond Massachusetts requirements, including overtime at the rate of two times an employee's regular pay rate for work performed on Sundays and holidays (Ex. B, Article XV(b)), and overtime pay for hours worked on Saturdays (Ex. B, Article XXXII).

11. Certain provisions of the CBA also address whether and under what circumstances employees are entitled to reimbursement for transportation expenses. Ex. B,

Article XXXII (mileage reimbursement for Saturday travel to a branch other than the employee's permanent location), Appendix B (mileage allowance for training).

12. Accordingly, Plaintiff's state law claims cannot be resolved without interpreting the CBA to determine issues including, without limitation, whether additional wages are actually owed, whether additional compensation provided by the CBA offsets any deficiency created by other allegedly uncompensated time, and how many compensable hours Plaintiff worked. Plaintiff's claims plainly "hinge on" interpretation of various provisions of the CBA and therefore, are completely preempted by Section 301 of the LMRA. *See Rueli*, 835 F.3d at 58; *Cavallaro*, 678 F.3d at 8 (Massachusetts wage claims preempted where interpretation of the CBA was necessary to discern whether wages were owed and whether premium or differential pay offset any deficiencies).

13. Consequently, this case is properly removable to this Court under 28 U.S.C. § 1441.

14. RTN submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

15. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff after filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

16. A true and correct copy of this Notice of Removal will be filed with the Clerk of Cambridge District Court, Commonwealth of Massachusetts, promptly after the filing of this Notice with this Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant RTN respectfully removes this action from the Cambridge District Court, C.A. No. 1952CV0246, to this Court.

Respectfully submitted,

                                        RTN FEDERAL CREDIT UNION

                                        By its attorneys,


                                        /s/ *Liam T. O'Connell*
                                        Liam T. O'Connell, Esq. (BBO # 558249)
                                        *loconnell@nutter.com*
                                        Natalie M. Cappellazzo (BBO # 699355)
                                        *ncappellazzo@nutter.com*
                                        Nutter, McClennen & Fish, LLP
                                        Seaport West
                                        155 Seaport Boulevard
                                        Boston, MA  02210
                                        Telephone:  (617) 439-2000
Dated:  August 30, 2019                 Facsimile:  (617) 310-9000


## CERTIFICATE OF SERVICE

    I, Natalie M. Cappellazzo, hereby certify that on August 30, 2019, this document, filed through the ECF system, will be served via email and U.S. First-Class Mail on Plaintiffs' counsel, Raven Moeslinger, Nicholas F. Ortiz, and Stephanie C. Ozahowski, Law Office of Nicholas F. Ortiz, PC, 99 High Street, Suite 304, Boston, MA 02110.



                                         */s/ Natalie M. Cappellazzo*
                                        Natalie M. Cappellazzo

4572300.1