

*John J. Todisco, Jr.*
*Attorney at Law*

**105 SALEM STREET**
**MALDEN, MASSACHUSETTS 02148**
■
**TEL 781-324-4711  FAX 781-397-2330**
**E-MAIL  TODISCOLAW@AOL.COM**

August 5, 2019

Stephanie C. Ozahowski, Esq.
Law Office of Nicholas F. Ortiz, PC
99 High Street, Suite 304
Boston, MA 02110

Re: Andrea Rose v. RTN Federal Credit union
Cambridge District Court Docket 1952CV0246

Dear Attorney Ozahowski,

I enclose the original summons with my acceptance of service. As agreed the credit union has thirty days to file a response.

If you have any question, please feel free to contact me.

Very truly yours,

John J. Todisco, Jr.
JJT/jt
Enclosure:

RECEIVED
CAMBRIDGE DIVISION OF THE
DISTRICT COURT DEPT.

AUG  9 2019

OFFICE OF THE
CLERK MAGISTRATE

# Commonwealth of Massachusetts
## Cambridge District Court
4040 Mystic Valley Parkway
Medford, MA 02155
(781) 306-2715

**Andrea Rose**
_____ ,
PLAINTIFF(S),

CIVIL NO. **1952 CV0246**

v.

**RTN Federal Credit Union**
_____ ,
DEFENDANT(S)

**SUMMONS**

THIS SUMMONS IS DIRECTED TO **RTN Federal Credit Union** .
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Cambridge Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to <u>both</u> the "Clerk's Office for Civil Business, Cambridge District Court, 4040 Mystic Valley Parkway, Medford, MA 02155" <u>and</u> to the individual below:
**Stephanie C. Ozahowski** , at **99 High Street, Suite 304, Boston, MA 02110** .
(name of Plaintiff or Plaintiff's attorney)          (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.



RECEIVED
CAMBRIDGE DIVISION OF THE
DISTRICT COURT DEPT.

AUG 9 2019

OFFICE OF THE
CLERK MAGISTRATE

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Roanne Sragow-Licht, First Justice on ___July 30__, 20__19__.

___(SEAL)___

___Sharon Shelfer Casey___
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

RETURN OF SERVICE

On _____ 20__ I served a copy of the within summons, together with a copy of the Complaint in this case upon the named defendant, in the following manner:

[illegible]

Rev. 9/2015

Malden, County of Middlesex, ss.                    August 5, 2019

I, John j. Todisco, Jr., attorney for Defendant accept service of the Amended Complaint.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ss.                                      CAMBRIDGE DISTRICT COURT

| | |
|---|---|
| ANDREA ROSE, | ) ) ) |
| Plaintiff, | ) ) |
| | )   C. A. No. |
| v. | ) ) |
| RTN FEDERAL CREDIT UNION, | ) ) |
| Defendant. | ) ) ) |

## AMENDED COMPLAINT

Andrea Rose brings this action against her employer, RTN Federal Credit Union, for the non-payment of earned wages, including travel time and related overtime wages.

## PARTIES

1.     Plaintiff Andrea Rose resides in Holden, Massachusetts.

2.     Defendant RTN Federal Credit Union ("RTN") is a consumer financial institution with a usual place of business located at 600 Main Street, Waltham, Massachusetts, 02452.

3.     The defendant employ the plaintiff.

RECEIVED
CAMBRIDGE DIVISION OF THE
DISTRICT COURT DEPT.

JUL 2 9 2019

OFFICE OF THE
CLERK MAGISTRATE

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to address this matter pursuant to, *inter alia*, M.G.L. c. 149, § 150, and its inherent common law authority.

5.     The plaintiff has filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

6.     Venue is proper pursuant to M.G.L. c. 223, § 2 because the defendant has a usual place of business in an adjacent judicial district.

## FACTS

7.      RTN is a credit union offering financial services to the general public.

8.      On or around September 8, 2014, RTN hired Ms. Rose as a member service representative.

9.      Ms. Rose' job responsibilities include opening accounts and verifying documents.

10.     RTN agreed to pay Ms. Rose $15.17 per hour for each hour she performs work for RTN.

11.     Ms. Rose works approximately 40 to 45 hours per week for RTN.

12.     Ms. Rose regularly works at RTN's Hudson, Massachusetts branch office.

13.     RTN sometimes requires Ms. Rose to report to its Dedham, Massachusetts branch office to perform her job duties.

14.     It takes Ms. Rose approximately 20 minutes to drive from her home to the Hudson branch.

15.     It takes Ms. Rose approximately one hour and 20 minutes to drive from her home to the Dedham branch.

16.     However, when Ms. Rose is required to travel to the Dedham branch, RTN fails to pay Ms. Rose for all travel time in excess of her ordinary travel time or to reimburse her for her related transportation expenses.

17.     454 C.M.R. § 27.04(4)(b) provides:

> If an employee who regularly works at a fixed location is required to report to a location other than his or her regular work site, the employee shall be compensated for all travel time in excess of his or her ordinary travel time between home and work and shall be reimbursed for associated transportation expenses.

2

18.     Therefore, RTN is required to pay Ms. Rose for her additional travel time and transportation expenses.

19.     Additionally, excluding travel time, Mr. Rose works approximately 40 hours per week for RTN.

20.     Therefore, all of Ms. Rose's uncompensated travel time is for work in excess of 40 hours per week, and therefore, subjected to the overtime premium of one and one-half times her hourly rate of pay.

21.     RTN fails to pay Mr. Rose overtime wages for these overtime hours.

22.     RTN also fails to issue paystubs to Ms. Rose listing all hours worked, causing her damages, including lost wages.

23.     As of the date of filing this Complaint, RTN owes Ms. Rose a significant amount of earned wages, including travel time , unreimbursed travel expenses, and related overtime wages.

## CAUSES OF ACTION

## COUNT I

## NON-PAYMENT OF EARNED WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150

24.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

25.     The Wage Act requires the timely payment of all earned wages. M.G.L. c. 149, § 148.

26.     Massachusetts law provides:

> If an employee who regularly works at a fixed location is required
> to report to a location other than his or her regular work site, the
> employee shall be compensated for all travel time in excess of his
> or her ordinary travel time between home and work.

3

454 CMR 27.04(4)(b).

27.    By failing to pay the plaintiff the full amount of her earned wages, including

wages for compensable travel time and overtime wages, when the same became due and payable,

RTN violated the Wage Act, M.G.L. c. 149, §§ 148, 150.

28.    RTN's failure to comply with M.G.L. c. 149, §§ 148, 150 entitles the plaintiff to

recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149,

§ 150.

29.    The plaintiff has filed a complaint regarding this matter with the Massachusetts

Attorney General pursuant to M.G.L. c. 149, § 150.


## COUNT II

## NON-PAYMENT OF MINIMUM FAIR WAGE IN VIOLATION OF M.G.L. c. 151, §1

30.    The plaintiff hereby realleges and incorporates by reference the facts and

allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

31.    M.G.L. c. 151, § 1 prohibits employers from paying employees oppressive and

unreasonable wages.

32.    454 CMR 27.04(4)(b), promulgated pursuant to M.G.L. c. 151, § 1, provides:

> If an employee who regularly works at a fixed location is required
> to report to a location other than his or her regular work site, the
> employee shall be compensated for all travel time in excess of his
> or her ordinary travel time between home and work.

33.    Throughout the course of the plaintiff's employment, RTN failed to pay her for

travel time compensable pursuant to 454 CMR 27.04(4)(b).

34. RTN's failure to comply with M.G.L. c. 151, § 1 entitles the plaintiff to recover three times her unpaid travel time and expenses, interest, reasonable attorney's fees, and costs of litigation under M.G.L. c. 151, § 20.

## COUNT III

## NON-PAYMENT OF OVERTIME IN VIOLATION OF M.G.L. c. 151, §§ 1A, 1B

35. The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

36. RTN did not pay the plaintiff overtime wages for all hours worked in excess of 40 each week as required by law.

37. RTN's failure to comply with M.G.L. c. 151, §§ 1A, 1B entitled the plaintiff to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 1B.

## COUNT IV

## FAILURE TO MAINTAIN PROPER PAYROLL RECORDS AND ISSUE LAWFUL PAYSTUBS IN VIOLATION OF M.G.L. c. 149, § 148, M.G.L. c. 151, § 15, AND CMR 27.07(2)

38. M.G.L. c. 149, § 148 provides:

An employer, when paying an employee his wage, shall furnish to such employee a suitable pay slip, check stub or envelope showing the name of the employer, the name of the employee, the day, month, year, number of hours worked, and hourly rate, and the amounts of deductions or increases made for the pay period.

39. M.G.L. c. 151, § 15 provides:

Every employer shall keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee.

40. 454 CMR 27.07(2) provides:

For each employee, the employer shall keep a true and accurate record of the employee's name, complete address, social security number, occupation, amount

paid each pay period, hours worked each day, rate of pay, vacation pay, any deductions made from wages, any fees or amounts charged by the employer to the employee, dates worked each week, and such other information as the Director or the Attorney General in their discretion shall deem material and necessary.

41.     M.G.L. c. 151, § 19 provides:

An employer or the officer or agent of a corporation who fails to keep the true and accurate records required under [M.G.L. c. 151] ... shall have violated [M.G.L. c. 151, § 19].

42.     M.G.L. c. 149, §150 provides:

An employee claiming to be aggrieved by a violation of section 19 of chapter 151 may ... prosecute in his own name ... a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits.

43.     Because RTN failed to keep proper records of the hours worked by the plaintiff and failed to issue pay stubs accurately reflecting her hours worked, the plaintiff suffered damages, including lost wages, and RTN violated M.G.L. c. 149, § 148, M.G.L c. 151, § 19, and 454 CMR 28.07(2).

44.     RTN's failure to comply with M.G.L. c. 151, § 19 and M.G.L. c. 149, § 148 entitles the plaintiff to recover treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150.

WHEREFORE, the plaintiff requests that the Court enter final judgment against RTN, awarding the plaintiff:

1.   Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 149, § 150 for failure to pay earned wages;

2.   Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 20 for failure to pay travel time wages and expenses;

3.   Treble damages, interest, reasonable attorney's fees, and costs pursuant to M.G.L. c. 151, § 1B for failure to pay overtime wages;

4.   Treble damages, interest, reasonable attorneys' fees, and costs pursuant to M.G.L. c. 149, § 150 for payroll records violations; and

6

5.   Such other relief that the Court deems just.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

ANDREA ROSE,
by her attorneys,

Raven Moeslinger (BBO# 687956)
Nicholas F. Ortiz (BBO# 655135)
Stephanie C. Ozahowski (BBO# 699258)
Law Office of Nicholas F. Ortiz, PC
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
rm@mass-legal.com
sco@mass-legal.com

Date: July 22, 2019

7